**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

```
NICHOLAS HOLLIS (#1501681) and :    CIVIL RIGHTS
WILHY HARPO,                    :    42 U.S.C. § 1983
     Plaintiffs,                :
                                :
     v.                         :    CIVIL ACTION NO.
                                :    1:15-CV-2194-WSD-ECS
JERRY BAXTER, et al.,           :
     Defendants.                :
```

**FINAL REPORT AND RECOMMENDATION**

This case is before the Court on (1) a "Complaint" purportedly signed and submitted by Nicholas Hollis and Wilhy Harpo and (2) a non-prisoner "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" signed only by Mr. Harpo. See [Doc. Nos. 1 & 1-1].

Mr. Hollis is in pretrial detention in the Fulton County Jail, charged with aggravated assault, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, possession of a sawed off shotgun, and theft by receiving stolen property. See http://justice.fultoncountyga.gov/PAJailManager/JailingSearchResults.aspx (last viewed June 23, 2015; searched for "Hollis, Nicholas").

Mr. Harpo is well-known to this Court as a frequent filer of frivolous lawsuits, both while in and out of jail. See generally www.pacer.gov (last viewed June 23, 2015; searched for "Harpo, Wilhy"). In the present case, Mr. Harpo lists a self-storage

facility as his mailing address. See [Doc. No. 1-2 at 1 (listing "134 J. Wesley Dobbs Avenue Atlanta, GA 30303")]; see also https://www.publicstorage.com/georgia/self-storage-atlanta-ga/30303-self-storage/721 (listing a Public Storage location at 134 J. Wesley Dobbs Avenue / Atlanta, GA 30303; last viewed June 23, 2015).

This Court has previously ordered Mr. Harpo "to disclose his full litigation history in any civil rights complaint and/or [in forma pauperis ("IFP")] affidavit that he files." See Harpo v. City of Atlanta, No. 1:14-CV-2157-WSD (N.D. Ga. 2014) [Doc. No. 2 therein at 1-2]; Harpo v. Fulton Cnty. Sheriff, No. 1:14-CV-2208-WSD (N.D. Ga. 2014) [Doc. No. 2 therein at 1-2]. Neither the Complaint nor the IFP affidavit filed by Mr. Harpo in this case, however, includes any such disclosure.

Because Mr. Harpo has failed to comply with a lawful order, the undersigned **RECOMMENDS** that he be **DISMISSED WITHOUT PREJUDICE** as a plaintiff and that his request for permission to proceed IFP be **DENIED WITHOUT PREJUDICE**. See LR 41.3A(2), NDGa.

Because Mr. Hollis did not complete and sign an IFP affidavit and because he did not, in any event, submit the statutorily required copy of his inmate account statement for the past six-months, see 28 U.S.C. § 1915(a)(2), the undersigned **RECOMMENDS** that his request for permission to proceed IFP be

**DENIED WITHOUT PREJUDICE** and that he also be **DISMISSED WITHOUT PREJUDICE** as a plaintiff.

Mr. Hollis and Mr. Harpo are advised that as non-lawyers each may only represent himself.  See 28 U.S.C. § 1654. Furthermore, because Mr. Hollis is in pre-trial detention, it is improper for them to file a lawsuit jointly if they wish to proceed IFP.  Cf. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001) (when prisoners bring a multi-plaintiff IFP action, dismissal is appropriate, as each plaintiff must sue individually).  In the event that either Mr. Hollis or Mr. Harpo decides to refile his complaint and IFP application, he must remedy the deficiencies identified above and proceed individually.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 24th day of June, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)