IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICKOLAS HOLLIS and WILHY HARPO,<br><br>                    Plaintiffs,<br><br>v.<br><br>JERRY W. BAXTER, et al.,<br><br>                    Defendants. | 1:15-cv-2194-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [3] ("R&R"), recommending dismissal of this action for failure to comply with a lawful order of the Court.

**I.   BACKGROUND**

On June 18, 2015, Plaintiffs Nickolas Hollis and Wilhy Harpo ("Plaintiffs") filed their application for leave to proceed *in forma pauperis* [2] ("IFP Application") and Complaint [1].  On June 24, 2015, the Magistrate Judge issued his R&R.  In it, he noted that Plaintiff Wilhy Harpo "is well-known to this Court as a frequent filer of frivolous lawsuits, both while in and out of jail."  (R&R at 1). The Court previously ordered Mr. Harpo "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See Harpo v. City of

Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2). The Magistrate Judge noted that neither the Complaint nor the IFP affidavit filed by Mr. Harpo in this case includes any such disclosure. The Magistrate Judge recommended Mr. Harpo be dismissed without prejudice as a plaintiff and that his request for permission to proceed IFP be denied without prejudice. (R&R at 2).

The Magistrate Judge noted that Mr. Hollis—who, at the time the R&R was issued, was in pretrial detention in the Fulton County Jail—did not complete and sign an IFP affidavit and did not submit the statutorily-required copy of his inmate account statement for the past six months. (Id. at 2 (citing 28 U.S.C. § 1915(a)(2))). The Magistrate Judge recommended Mr. Hollis also be dismissed without prejudice as a plaintiff and that his request for permission to proceed IFP be denied without prejudice. (Id. at 2-3).

Neither Mr. Harpo nor Mr. Hollis objected to the R&R. The R&R was mailed to Mr. Hollis, and was returned as undeliverable [5], presumably because Mr. Hollis was released from pretrial detention on June 25, 2015. See http://justice.fultoncountyga.gov/PAJailManager/JailingSearchResults.aspx (last viewed March 24, 2016; searched for "Hollis, Nicholas"). Mr. Hollis has not provided to the Court his current address.

**II.     DISCUSSION**

   **A.     Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). No party objects to the R&R, and the Court thus conducts a plain error review of the record.  <u>See</u> <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

   **B.     Analysis**

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."  LR 41.3(A)(2), NDGa.

The Local Rules also provide that a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice."  LR 41.2(C).

The Court finds no plain error in the Magistrate Judge's recommendation that Mr. Harpo be dismissed as a plaintiff because he failed to comply with a

lawful order of the Court.  See Slay, 714 F.2d at 1095.  The Court also finds no plain error in the Magistrate Judge's recommendation that Mr. Hollis be dismissed as a plaintiff because he failed to submit the statutorily required copy of his inmate account statement for the past six months.  See 28 U.S.C. §1915(a)(2).  Mr. Hollis also must be dismissed under Local Rule 41.2(C) because he failed to inform the clerk of his current address.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** this action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a lawful order of the Court pursuant to Local Rule 41.3(A)(2), and for failure to inform the Clerk of Mr. Hollis's current address pursuant to Local Rule 41.2(C).

**SO ORDERED** this 24th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE